Affirmed and Memorandum Opinion
filed February 23, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00335-CR



Derrick Nernell
Hobbs, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 359th District Court

Montgomery County, Texas

Trial Court
Cause No. 07-02-01266 CR



 

MEMORANDUM OPINION 

Derrick Nernell Hobbs was convicted of possession of
a controlled substance and sentenced to two years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  Hobbs first
contends that a police officer illegally detained him and then unlawfully
seized evidence from his vehicle.  Second, Hobbs argues that any evidence
seized during the detention is fruit of the poisonous tree and not admissible. 
We affirm.

I

            On December 29,
2006, the Conroe Police Department received an anonymous tip that a specific
vehicle, which was parked on South 13th Street, contained cocaine.  Officer
Michael Stowe responded to the call and verified the information.  In addition
to the anonymous tipster’s information, Officer Stowe stated he noticed a grey Tahoe
parked in front of the same house as the reported vehicle that allegedly
contained drugs.  Officer Stowe testified that the Tahoe was in violation of a
traffic ordinance because it was parked on the street facing the wrong way. 
Officer Stowe also saw a man standing in the doorway of the residence, and he
testified, “It looked to me like he was kind of being a lookout.”  Based on his
observations, he stated he thought there was drug activity occurring in the
house.     

Officer Stowe set up surveillance.  Eventually a man
exited the house, drove away in the Tahoe, and committed another traffic
violation.  Officer Stowe stated that after the Tahoe ran a stop sign, he pulled
the vehicle over to make an investigative traffic stop.  When he approached the
vehicle, he testified that the driver was mumbling and had a white, rock-like
substance on his mouth and shirt.  Officer Stowe identified the man as Derrick
Nernell Hobbs.  He testified that based on his training and experience as a
narcotics officer, he believed the white substance was crack cocaine.  Officer
Stowe stated that he detained Hobbs so he could test the substance.  He explained
the test positively revealed the substance was cocaine.  Officer Stowe placed
Hobbs in the back of his vehicle and searched the Tahoe for more contraband. 
He stated that he found “bits and pieces of crack cocaine” on the carpet and
seats of the vehicle.  Officer Stowe then arrested Hobbs for possession of a
controlled substance.  

Before Hobbs’s trial, the court held a hearing on
Hobbs’s motion to suppress the evidence found in his vehicle.  The court denied
the motion and allowed the evidence to be introduced at trial.  After hearing
all the evidence, the jury found Hobbs guilty of possession of a controlled
substance and sentenced him to two years’ confinement.  This appeal followed.      


II

Hobbs complains that based on the anonymous tip,
which was insufficient to justify detention, Officer Stowe had already decided
to detain him prior to any traffic violation.  He also asserts that the
illegally seized evidence was inadmissible based on the fruit-of-the-poisonous-tree
doctrine.  The State contends that Officer Stowe had probable cause to detain
Hobbs because Officer Stowe observed Hobbs commit traffic violations.  Furthermore,
the State argues that Officer Stowe then noticed Hobbs was mumbling and had a
white, rock-like substance on his lips and shirt, which justified seizure of the
evidence of contraband.  

            We
generally review a trial court’s decision to grant or deny a motion to suppress
using an abuse-of-discretion standard.  Swain v. State, 181 S.W.3d 359,
365 (Tex. Crim. App. 2005).  During the suppression hearing, the trial court is
the exclusive trier of fact and judge of the witnesses’ credibility.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Mason v. State,
116 S.W.3d 248, 256 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  An
appellate court affords almost total deference to the trial court’s
determination of historical facts supported by the record, especially when the
trial court’s findings are based on an evaluation of credibility and demeanor. 
Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002) (citing Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  We afford the same
amount of deference to a trial court’s ruling on mixed questions of law and
fact if the resolution turns on evaluating credibility and demeanor.    Johnson,
68 S.W.3d at 652; Guzman, 955 S.W.2d at 89.  We review de novo, however,
those mixed questions of law and fact not turning on credibility or demeanor.   Johnson,
68 S.W.3d at 653 (citing Guzman, 955 S.W.2d at 89).  If the trial
court’s ruling is reasonably supported by the record and is correct on any
theory of law applicable to the case, the reviewing court must sustain it on
review.  Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996); Flores v. State, 172 S.W.3d 742, 748 (Tex. App.—Houston [14th
Dist.] 2005, no pet.). 

            When
we review a trial court’s ruling on a motion to suppress, we typically only consider
the evidence introduced at the suppression hearing because the court made its
determination based on that particular evidence.  Gutierrez v. State,
221 S.W.3d 680, 687 (Tex. Crim. App. 2007).  But we consider all the evidence,
from both the suppression hearing and trial, if the parties later relitigate
the suppression issue at the trial on the merits.  Id.  In this case,
Hobbs requested a hearing on his motion to suppress the drugs found in his
vehicle.  After considering all the evidence at the hearing, the trial court
denied his motion.  At trial, the parties relitigated the seizure issue by
questioning Officer Stowe, as they had during the hearing.  Because the parties
relitigated the issue, we will consider the evidence from both the hearing and
trial.

            Hobbs
argues that a police officer needs more than an anonymous tip to perform an
investigative stop.  He is correct in asserting that an anonymous tip may
justify the initiation of an investigation, but it alone rarely establishes the
level of suspicion required to justify a person’s detention.  Garcia v.
State, 3 S.W.3d 227, 234 (Tex. App.—Houston [14th Dist.] 1999), aff’d,
43 S.W.3d 527 (Tex. Crim. App. 2001); see Alabama v. White, 496 U.S.
325, 329–30 (1990).  A court must be able to evaluate an anonymous source’s
reliability; therefore, the tip must be sufficiently corroborated to meet the
level needed to support an investigative detention.  Garcia, 3 S.W.3d at
235; see Davis v. State, 794 S.W.2d 123, 125 (Tex. App.—Austin 1990,
pet. ref’d).  

Hobbs,
however, fails to recognize courts have consistently held that a traffic
violation can constitute a reasonable basis for detention.  Whren v. United
States, 517 U.S. 806, 810 (1996); Garcia v. State, 43 S.W.3d 527,
530 (Tex. Crim. App. 2001).[1] 
Once a police officer makes a valid traffic stop and detains the suspect, the
officer may further detain the suspect if he develops reasonable suspicion that
another offense is being committed.  Goudeau v. State, 209 S.W.3d 713,
719 (Tex. App.—Houston [14th Dist.] 2006, no pet.); see Davis v. State,
947 S.W.2d 240, 244 (Tex. Crim. App. 1997).  “‘Reasonable suspicion’ exists if
the officer has specific articulable facts that, when combined with rational
inferences from those facts, would lead him to reasonably suspect that a
particular person had engaged or (soon will be) engaging in criminal activity.”
Garcia, 43 S.W.3d at 530 (citing Woods v. State, 956 S.W.2d 33,
38 (Tex. Crim. App. 1997)).  

The
State contends that once Officer Stowe approached Hobbs’s vehicle, he could see
narcotics in plain view.  The Court of Criminal Appeals has stated that the
plain-view doctrine requires that: (1) law-enforcement officials have a right
to be where they are; and (2) it be immediately apparent that the item seized
constitutes evidence.  Walter v. State, 28 S.W.3d 538, 541 (Tex. Crim.
App. 2000) (citing Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim. App.
1996)).  The United States Supreme Court has decided that the “immediately
apparent” prong of the plain-view doctrine does not mandate that an officer
have actual knowledge of the incriminating evidence; for instance, the officer
need not “know” a white-powder substance is actually cocaine.  Texas v.
Brown, 460 U.S. 730, 741–42 (1983); Lopez v. State, 223 S.W.3d 408,
417 (Tex. App.—Amarillo 2006, no pet.).  Additionally, the Court of Criminal
Appeals has noted “that certain objects not inherently suspicious can become so
under certain circumstances.”  Lopez, 223 S.W.3d at 417 (discussing
Court of Criminal Appeals’s cases demonstrating that seemingly harmless items
or behaviors indicate evidence of drug activity when coupled with certain
circumstances).  These items or behaviors, under suspicious circumstances,
provide probable cause to invoke the plain-view doctrine.  Id.

Officer
Stowe testified that when he first encountered Hobbs’s vehicle, “[i]t was
parked on the west side of the roadway facing with traffic,” which he stated
was a Transportation Code violation.[2]
 He then observed Hobbs get into his Tahoe and run a stop sign.[3]  Officer
Stowe testified that Hobbs rolled through the stop sign instead of coming to a
complete stop before entering the intersection.  Based on these traffic
violations, he had a lawful, reasonable basis to detain Hobbs. 

Once
he approached the vehicle, Officer Stowe noticed Hobbs was mumbling and had a
white, rock-like substance on his lips and shirt.  Furthermore, he testified
that Hobbs appeared to be concealing something in his mouth.  Officer Stowe
stated, “For most of my time I’ve worked in narcotics and when people have
narcotics, the best place to hide it is in their mouth because you can
immediately swallow it to get rid of it.”  He testified that based on the
circumstances and his training and experience, “I was pretty sure it was crack
cocaine he had around his mouth.”  When Officer Stowe asked Hobbs to open his
mouth, he testified that Hobbs turned away from him and swallowed.  Hobbs then
opened his mouth, and Officer Stowe stated, “[A]t that time, I did see a small
amount of what appeared to be cocaine.”  Officer Stowe pulled Hobbs out of the
vehicle[4]
and analyzed the white substance, which tested positive for cocaine.  He also
testified that he found more cocaine in Hobbs’s vehicle.  

We
conclude that the evidence in the record demonstrates that Officer Stowe’s initial
detention of Hobbs was lawful because Hobbs committed traffic violations in the
officer’s presence.  Once Officer Stowe observed drugs on Hobbs’s mouth and
clothing, probable cause arose; Officer Stowe then lawfully seized evidence
from the Tahoe.  Accordingly, we overrule Hobbs’s first issue.  In Hobbs’s
second contention, he relies on the fruit-of-the-poisonous-tree doctrine to
claim that because the seizure was illegal, the evidence from the seizure was
inadmissible.  Because we affirm the trial court’s denial of  Hobbs’s motion to
suppress, the second issue is now moot.

*
* *

For
the foregoing reasons, we affirm the trial court’s judgment.

 

 
                                                                                  

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost,
and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
In his brief, Hobbs argues that “Officer Stowe clearly intended to pull
Appellant over based on a hunch that Appellant possessed contraband . . . .” 
The record does indicate that Officer Stowe was in the area because of an
anonymous tip about a different vehicle that contained drugs.  Additionally,
Officer Stowe testified that he was more concerned about potential drug
violations when he pulled Hobbs over than he was about writing him a ticket. 
The United States Supreme Court, however, has clearly stated that a traffic
violation alone constitutes an objectively reasonable basis for the stop, and
any of the police officer’s ulterior motives are irrelevant.  Whren, 517
U.S. at 811–13.  





[2]
Tex. Transp. Code Ann. § 545.303(a) (Vernon 1999 & Supp. 2009) (“An
operator who stops or parks on a two-way roadway shall do so with the
right-hand wheel of the vehicle parallel to and within 18 inches of the
right-hand curb or edge of the roadway.”).





[3]
Tex. Transp. Code Ann. § 544.010 (Vernon 1999) (“Unless directed to proceed by
a police officer or traffic-control signal, the operator of a vehicle or
streetcar approaching an intersection with a stop sign . . . shall stop before
entering the crosswalk on the near side of the intersection.”). 





[4]
Although the State does not argue exigent
circumstances existed for Officer Stowe to pull Hobbs out of the vehicle, the
testimony reveals that such circumstances existed.  An exigent circumstance is
present when someone is destroying evidence or contraband.  McNairy v. State,
835 S.W.2d 101, 107 (Tex. Crim. App. 1991); Holmes v. State, 962 S.W.2d
663, 671 (Tex. App.—Waco 1998, pet. ref’d).  It is well-settled law that if an
exigent circumstance is present, an officer may take immediate action without
first obtaining a warrant.  See Hernandez v. State, 548 S.W.2d 904, 905
(Tex. Crim. App. 1977).  At trial, Officer Stowe testified that he believed
Hobbs was destroying evidence by swallowing the drugs.  He also stated that he
wanted to preserve the evidence on Hobbs’s shirt and lips so that he could test
the substance.  This legal theory also supports the trial court’s ruling on the
motion to suppress.