# NO. 12-22-00235-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES RALPH FARRIS, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

James Ralph Farris, Jr. appeals his conviction for possession of a controlled substance. In a single issue, Appellant argues that the trial court erred by denying his motion to suppress. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of methamphetamine in an amount less than one gram. He pleaded "not guilty" and filed a pretrial motion to suppress any tangible evidence seized by law enforcement officers, alleging that it was seized without a warrant, probable cause, or other lawful authority in violation of his constitutional rights.

At a hearing on the motion, Appellant argued only that Smith County Sheriff's Deputy Edgar Nieto lacked probable cause to search. Evidence adduced at the hearing showed that Appellant and a passenger were seated in his vehicle in a stranger's driveway when Nieto stopped and contacted them. Among other factors, Appellant's unusual movements, speech, and demeanor, along with his passenger's frequent interjections, caused Nieto to suspect their involvement in criminal activity. When Nieto asked Appellant about the contents of a small container in his console, Appellant became defensive. Eventually, Nieto searched the container

and found methamphetamine.  The trial court denied the motion, and the matter proceeded to a jury trial.

Ultimately, the jury found Appellant "guilty" as charged.  The trial court assessed his punishment at confinement for twelve months.  This appeal followed.

**MOTION TO SUPPRESS**

In Appellant's sole issue, he argues that the trial court erred by overruling his motion to suppress because Nieto lacked probable cause to search the container and the automobile exception to the warrant requirement does not apply.

**Standard of Review**

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard.  *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010); *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008).  We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor.  *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility.  *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony.  *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  However, a trial court has no discretion in determining what the law is or applying the law to the facts. *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004).  Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion.  *Id.*

**Applicable Law**

Under both the United States and Texas constitutions, a warrantless search of a person or property is presumed unreasonable subject to certain exceptions.  *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403, 126 S. Ct. 1943, 1947, 164 L. Ed. 2d 650 (2006); *Estrada v. State*, 154 S.W.3d 604, 608 n.12 (Tex. Crim. App. 2005).  Under the automobile exception, an officer may conduct a warrantless search of an automobile if it is readily mobile and he has probable cause to

2

believe that it contains contraband. *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017). If probable cause justifies the search of a lawfully stopped vehicle, the officer may search every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825, 102 S. Ct. 2157, 2173, 72 L. Ed. 2d 572 (1982); *Blaylock v. State*, 125 S.W.3d 702, 705 (Tex. App.—Texarkana 2003, pet. ref'd).

**Probable Cause**

Appellant contends that the trial court erred by denying his motion to suppress the evidence because Nieto lacked probable cause to search the container in which the methamphetamine was found. We disagree.

In determining probable cause, reviewing courts must consider the totality of the circumstances. *Angulo v. State*, 727 S.W.2d 276, 278 (Tex. Crim. App. 1987). Although probable cause requires more than mere suspicion, it requires far less evidence than that needed to support a conviction or even a finding by a preponderance of the evidence. *Middleton v. State*, 125 S.W.3d 450, 457 (Tex. Crim. App. 2003). Probable cause exists when officers have reasonably trustworthy information sufficient to warrant a reasonable belief that an offense has been or is being committed. *McGee v. State*, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003). For probable cause to exist, there must be a fair probability of finding inculpatory evidence at the location being searched. *Marcopoulos*, 538 S.W.3d at 600.

At the suppression hearing, Nieto testified that he was dispatched to an alarm call in the southwest section of the county at around 9:30 p.m. or 10:00 p.m. He was familiar with the area because it was his assigned section. While en route to the location, he saw a vehicle parked in a driveway where it did not belong. Nieto saw the driver door open and thought that the occupants might have car trouble, so he stopped his car. Appellant reentered the vehicle when he saw Nieto. When Nieto contacted the occupants, unlike most people with car trouble, they did not seem excited to see him. Regarding Appellant's initial demeanor, Nieto stated that

> he seemed hyped up to me. Seemed to me—when I first initially made contact, I started talking to him. I started seeing his—his demeanor, his, like, fast—his hand movements, his speech.
>
> . . . .
>
> To me his speech was—it was faster—it was a fast speed—speech—than normal—than talking.

. . . .

> Well, through my experience, when people talk like that, it's—they're usually under the influence of drugs. It usually is going to be methamphetamines. Methamphetamines, crystal meth, they have the effects of someone to act in that way or display these actions and these demeanors.

He further testified that Appellant's speech was difficult to understand. The passenger frequently answered questions for him, which further suggested to Nieto, based on his experience, that criminal activity was afoot.

According to Nieto, the area in which he found Appellant was well known for drug activity and had experienced recent burglaries and thefts. Nieto noticed numerous potentially stolen items in Appellant's back seat. For these reasons and because he had trouble understanding Appellant, especially with the passenger's interruptions, he asked Appellant to step out of the vehicle to get more information from him. After Appellant exited the vehicle, the passenger continued to answer questions for him. Appellant's speech remained extremely fast and difficult to understand. Appellant told Nieto that he had no medical problems, which indicated that his unusual speech was more likely related to either extreme nervousness or narcotics use. Nieto told Appellant to relax, but he still seemed agitated.

When Nieto walked back to the vehicle to ask the passenger to allow him to speak with Appellant uninterrupted, he saw an object in the center console that he thought was a pill bottle. When he asked the passenger whether the object was a pill bottle, Appellant immediately answered, "No, it's a coffee shot." Two of Nieto's prior cases involved controlled substances concealed in coffee shot containers. Nieto saw the passenger pick up the container twice and place it behind another object. He asked her for the container, and she handed it to him. Nieto handed it to Appellant and asked whether he could open it for him. Appellant opened and closed the container without allowing Nieto to see inside. When Nieto asked whether it contained a coffee shot, Appellant said, "No." When Nieto asked what was inside the container, Appellant became defensive and rambled about how he was harassed and arrested by police officers every time he went somewhere. Meanwhile, the passenger continued to interject from inside the vehicle. When Nieto again asked what was in the container, Appellant said that it was trash and resumed his rambling about harassment. Eventually, Nieto opened the container and found methamphetamine wrapped in what appeared to be a small section of a black trash bag. Nieto's

4

body camera video was admitted and published in segments while Nieto testified. It supports Nieto's testimony.

Based on the totality of the circumstances, Nieto had probable cause to believe that the container held a controlled substance. *See Texas v. Brown*, 460 U.S. 730, 743, 103 S. Ct. 1535, 1543, 75 L. Ed 2d 502 (1983) (officer had probable cause to believe tied balloon contained illicit substance based on testimony that similar balloons were frequently used to carry narcotics and officer saw vials, white powder, and more balloons in glove compartment); *Angulo*, 727 S.W.2d at 278; *Lopez v. State*, 223 S.W.3d 408, 414 (Tex. App.—Amarillo 2006, no. pet.) (officer had probable cause to search gas cap compartment of car stopped in high narcotics crime area when he saw baggie in the compartment's crease and testified that such compartments were used to conceal narcotics); *Smith v. State*, No. 09-17-00144-CR, 2018 WL 2945028, *4 (Tex. App.—Beaumont June 13, 2018, no pet.) (mem. op., not designated for publication) (probable cause to search motorcycle based in part on suspect's nervousness); *Smith v. State*, No. 03-96-00120-CR, 1996 WL 705779, *2 (Tex. App.—Austin Dec. 5, 1996, no pet.) (not designated for publication) (probable cause to arrest based in part on suspect's defensiveness and agitation).

**Automobile Exception**

Appellant argues for the first time on appeal that the trial court erred by denying his motion to suppress the evidence because the State failed to meet its burden of proving an exception to the warrant requirement. He contends that the automobile exception does not apply because the evidence proves his vehicle was not readily mobile and Nieto was aware of that fact. Specifically, Appellant asserts that Nieto testified the car had two flat tires and appeared to have been involved in an accident.

If an issue raised on appeal does not comport with the objection at trial, error is not preserved. *See* TEX. R. APP. P. 33.1; *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005). In Appellant's written motion to suppress, he generally argued that "[a]ny tangible evidence seized in connection with this case, including but not limited to any controlled substance seized, was seized without warrant, probable cause or other lawful authority in violation of the rights of JAMES RALPH FARRIS, JR. pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Constitution of the State of Texas." He also generally argued that Nieto's actions violated his rights under Article 38.23 of the Texas Code of Criminal Procedure. At the suppression hearing,

Appellant did not complain that the search was executed without a warrant or warrant exception, or that his vehicle was not readily mobile as required by the automobile exception, but argued only that Nieto lacked probable cause to search the coffee shot container. We conclude that neither this probable cause argument nor the suppression motion's global statements were sufficient to preserve his argument that the State failed to prove a warrant exception. *See* TEX. R. APP. P. 33.1; *Swain*, 181 S.W.3d at 365 ("Appellant's global statements in his pretrial motion to suppress were not sufficiently specific to preserve the arguments he now makes on appeal.").

Moreover, even if Appellant preserved his argument, the trial court would not have abused its discretion by determining that the automobile exception applied. In determining whether a trial court's suppression decision is supported by the record, we generally consider only evidence adduced at the suppression hearing. *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996). At the suppression hearing, the only testimony Nieto provided regarding the car's condition was that it "looked like it had been in some kind of car trouble or an accident." His body cam video provides some additional evidence. In the video, the following exchange occurs when Nieto approaches Appellant's window:

NIETO: Are you good?

APPELLANT: Yeah.

PASSENGER: We got somebody on the way.

NIETO: Oh, okay. All right. What happened?

APPELLANT: [unintelligible]

PASSENGER: We had a flat at Southern Outlaws. We changed it. It went flat again.

NIETO: Southern Outlaws? Where's that at?

APPELLANT: [unintelligible]

PASSENGER: Southern Out—It's on 155. We come up that road leads to Flint.

NIETO: Yeah.

APPELLANT: [unintelligible]

PASSENGER: And [unintelligible] so we pulled over.

NIETO: Yeah, this one's low too. [aiming flashlight at rear driver's side tire].

APPELLANT: Yeah, I hit something in Whitehouse.

Later in the video, Nieto tells Appellant to answer a phone call in case it was the person who was coming to help. While Appellant is on the phone, Nieto circles the vehicle with his flashlight. On the front driver's side, the vehicle appears to have some cosmetic damage, and a spare tire is installed. The rear driver's side tire appears somewhat low. Some scratches appear on the vehicle's rear passenger side. Nieto asks himself, "Man, what's wrong with this vehicle?"

Based on the suppression evidence and giving almost total deference to the trial court's fact determinations, we conclude the court would not have erred in determining that the vehicle was readily mobile. *See United States v. Short*, 2 F.4th 1076, 1079-80 (8th Cir. 2021) ("an easily repairable flat tire did not cause the vehicle to lose its inherent mobility"), *cert. denied*, 142 S. Ct. 626 (2021); *United States v. Fields*, 456 F.3d 519, 524 (5th Cir. 2006) ("Even where an automobile is not immediately mobile at the time of the search, 'the lesser expectation of privacy resulting from its use as a readily mobile vehicle justifie[s] application of the vehicular exception.'" (quoting *California v. Carney*, 471 U.S. 386, 391, 105 S. Ct. 2066, 85 L. Ed. 2d 406 (1985)), *cert. denied*, 549 U.S. 1046, 127 S. Ct. 614, 166 L. Ed. 2d 455 (2006); *Keehn v. State*, 279 S.W.3d 330, 336 (Tex. Crim. App. 2009) (van's ready mobility demonstrated by its use days before search); *Neal*, 256 S.W.3d at 281. For this reason, and because Nieto had probable cause to believe the container held contraband, even if Appellant preserved his warrant exception issue, we could not conclude that the court abused its discretion in determining that the automobile exception applies. *See Michigan v. Thomas*, 458 U.S. 259, 261, 102 S. Ct. 3079, 3080-81, 73 L. Ed. 2d 750 (1982) ("justification to conduct . . . a warrantless search does not vanish once the car has been immobilized"); *Ross*, 456 U.S. at 825, 102 S. Ct. at 2173; *Marcopoulos*, 538 S.W.3d at 599; *Blaylock*, 125 S.W.3d at 705. For the foregoing reasons, we overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered September 6, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 6, 2023**

**NO. 12-22-00235-CR**

**JAMES RALPH FARRIS, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1415-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*