HON. F. J. MOSES, CHIEF JUSTICE.
HON. A. J. WILLARD, ASSOCIATE JUSTICE.
HON. J. J. WRIGHT, ASSOCIATE JUSTICE.

---

HENRY McIVER, PRESIDENT, AND JOHN McIVER, TREASURER OF
THE CHERAW AND DARLINGTON RAILROAD COMPANY, PLAIN-
TIFFS IN ERROR, *vs.* THE STATE *Ex Relatione* B. D. TOWN
SEND AND OTHERS, DEFENDANTS IN ERROR.

Courts of General Sessions have no power to issue writs of *mandamus*, that power
being vested by the Constitution in the Courts of Common Pleas.

This case was brought here from the Court of General Sessions
for Chesterfield County by writ of error.

The transcript of the record showed that it was an application to
the Court below for a writ of *mandamus* to compel the plaintiffs in
error (defendants below) to transfer stock of the Cheraw and Dar-
lington Railroad Company on the books of the corporation. The
Circuit Judge granted the writ, and the only question considered
here was that made by the third assignment of error, as follows:
"That, by the Constitution and laws of the State of South Caro-
lina, in force at the date of the order directing the writ of *manda-
mus* in this case to issue out of the Court of Sessions, no jurisdic-

1A

tion or power to issue writs of *mandamus* resided in said Court of General Sessions."

*Barker*, for plaintiffs in error.

*Memminger, Harllee, Chamberlain, Townsend* and *Hudson*, con-tra.

April 13, 1870. The opinion of the Court was delivered by

MOSES, C. J. The third ground taken by the plaintiffs here assigns as error the exercise of jurisdiction by the Court of General Sessions for Chesterfield County in issuing the writ.

This submits a question which we prefer to decide as preliminary to the other points; for if the Court was without authority, all en-quiry into the merits of the cause is precluded. We are sensible of the importance of the issue thus presented, and of the interest which it excites. We would have preferred a full opportunity to consider the argument and examine the authorities; but to defer a decision might seriously prejudice the parties by delay, when they are entitled to a prompt judgment on the merits of the case by some Court of competent jurisdiction.

The rule to shew cause, and the order for the *mandamus*, issued from the Sessions side of the Circuit Court for Chesterfield County, and the question which we propose to consider and determine is, whether the Court of Sessions, as now organized, has jurisdiction of the writ and the incidents which attach to it.

Whether the writ, so highly prized as affording a remedy, conve-nient and beneficial, by reason of its immediate and efficient action, directly operating to prevent a wrong or enforce a right, is to be regarded as a prerogative writ, said by Lord Mansfield to flow from the King "himself sitting in the Court of King's Bench," or whether, according to modern practice, it is recognized as nothing more than an action between the parties, "an ordinary process in cases to which it is applicable," will, in no manner, affect the ques-tion we are to meet. Whether viewed in the one light or the other, it is accepted as a common law writ, and will be deprived of none of its functions or attributes, although a State Constitution or Legis-lature may empower some Court to entertain it which was not before supposed to have the common law right to take cognizance of it.

It may be conceded that, up to the ratification of the Constitution of 1868, the writ, although issuing in matters touching civil rights,

was regarded in South Carolina as a criminal proceeding. The Court of Sessions entertained jurisdiction of it to the exclusion of all other Courts. This admission, however, can be of no avail, if, by the terms of the new Constitution, or of any Act of the General Assembly, not inconsistent with it, the right has been so vested in another Court as to deprive all other tribunals of the exercise of it.

By the 18th Section of the 4th Article of the Constitution it is declared that "the Court of General Sessions shall have exclusive jurisdiction over all criminal cases which shall not be otherwise provided for by law." If, as contended by the counsel for the defendants, the writ is a criminal process, then the said Court may grant it, unless "otherwise provided for by law."

The Constitution did, however, by the 15th Section of the same Article, confer the power, in express words, on the Court of Common Pleas, and thereby did provide a different jurisdiction from that which before had entertained cognizance of the writ of *mandamus*. It is reasonable to suppose that, by vesting in the Court of Common Pleas the right to issue it, the Convention regarded the writ, contrary to what had been the received and accepted opinion in South Carolina, and intended, in the language of Tappan, p. 7, "to assimilate it, both in its direct and incidental proceeds, to an action."

It cannot be contended that, although the Constitution has conferred the power on the Circuit Court of Common Pleas, it has not deprived the Court of General Sessions of the right which attached to it by reason of its succession to all the jurisdictional powers of the King's Bench on the criminal side. The argument might have carried force with it but for the fact that the Constitution takes from the Court of Sessions jurisdiction in all criminal cases wherever it gives it to another Court. The words, "which shall not be otherwise provided for by law," negatives the idea that a concurrent power was to be exercised by the two tribunals. There appears to have been a purpose to place beyond question the idea of concurrent jurisdiction by the very terms employed. It may be doubtful, that if the Constitution, after giving the right to the Common Pleas, had used no words which, by plain expression, shew that it was to be exclusive, whether the Court of Sessions could also exercise it.

Judge Butler, in *Righton* vs. *Wood*, Dud., 167, says: "The remark may be made, generally, that where a new forum has been created for the trial of cases that belonged to another, it has a superseding and paramount jurisdiction, and thereby deprives the old tribunal of all authority."

The Convention .was competent to clothe any of the Courts with a jurisdiction which never before had been exercised by either, or to allot to one of them a power which before had been exercised by another.

Holding that the Circuit Judge was without jurisdiction to entertain the motion, sitting in the Court of Sessions, the order granting the writ is vacated and annulled.

To guard against any misapprehension, it may be proper to add that we are not to be understood as intimating any opinion on the point made under the fourth ground, to wit: "That the power to issue writs of *mandamus*, conferred by the 15th Section of the 4th Article of the Constitution on the Court of Common Pleas, resides in the Court at its sittings, as appointed by law, and is not exercisable at Chambers."

*Willard*, A. J., and *Wright*, A. J., concurred.