ACCEPTED
01-14-00073-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 1:00:30 PM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00072-CR**
**No. 01-14-00073-CR**

In the

**Court of Appeals for the First District of Texas**

At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/9/2015 1:00:30 PM
CHRISTOPHER A. PRINE
Clerk

◆

**No. 1233998**
**No. 1401120**
In the 185th District Court
Of Harris County, Texas

◆

**LARRY WAYNE RICHARD**

*Appellant*

V.

**THE STATE OF TEXAS**

*Appellee*

◆

STATE'S APPELLATE BRIEF

◆

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
State Bar No. 24058991

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
Fax No.: 713/755-5809

*Counsel for Appellee*

ORAL ARGUMENT NOT REQUESTED

# IDENTIFICATION OF THE PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

*Counsel for the State:*

| | |
|---|---|
| **Devon Anderson** | District Attorney of Harris County |
| **David Abrams** | Assistant District Attorney at the hearing on the motion to adjudicate guilt |
| **Heather A. Hudson** | Assistant District Attorney on appeal |

*Appellant or criminal defendant:*

**Larry Wayne Richard**

*Counsel for Appellant:*

| | |
|---|---|
| **Deborah Summers** | Defense counsel at the hearing on the motion to adjudicate guilt and on appeal |

*Judge Presiding:*

**The Honorable Susan Brown**

**STATEMENT REGARDING ORAL ARGUMENT**

The State believes the briefs in this case adequately apprise this Court of the issues and the law, and any marginal benefit from oral argument does not justify the considerable amount of time that preparation for oral argument requires of the parties and the Court. Therefore, the State does not request oral argument.

**TABLE OF CONTENTS**

IDENTIFICATION OF THE PARTIES ......................................................................i

STATEMENT REGARDING ORAL ARGUMENT................................................. ii

INDEX OF AUTHORITIES...................................................................................iv

STATEMENT OF THE CASE.................................................................................1

STATEMENT OF FACTS .......................................................................................2

SUMMARY OF THE ARGUMENT .......................................................................4

REPLY TO APPELLANT'S SOLE POINT OF ERROR.........................................5

    I.    Standard of review. ................................................................................5

    II.    Officer Sandoval had reasonable suspicion to conduct a limited protective search. .................................................................................6

    III.    Officer Sandoval was permitted to seize evidence in plain view. .........10

        i.    Officer Sandoval viewed the narcotics from a lawful vantage point. ..............................................................................11

        ii.    Officer Sandoval had probable cause to believe that the plastic baggie partially concealed in appellant's shoe was associated with criminal activity. ...............................................12

CONCLUSION AND PRAYER ...............................................................13

CERTIFICATE OF COMPLIANCE ......................................................14

CERTIFICATE OF SERVICE ...............................................................14

# INDEX OF AUTHORITIES

**CASES**

*Coolidge v. New Hampshire*,
  403 U.S. 443 (1971) ...................................................................................10

*Davis v. State*,
  829 S.W.2d 218 (Tex. Crim. App. 1992)...................................................10

*Estrada v. State*,
  154 S.W.3d 604 (Tex. Crim. App. 2005)......................................................5

*Lippert v. State*,
  664 S.W.2d 712 (Tex. Crim. App. 1984)......................................................7

*Lopez v. State*,
  223 S.W.3d 408 (Tex. App.--Amarillo 2006, no pet.)...............................12

*Manry v. State*,
  621 S.W.2d 619 (Tex. Crim. App. 1981)......................................................7

*Masterson v. State*,
  155 S.W.3d 167 (Tex. Crim. App. 2005)......................................................5

*Montanez v. State*,
  195 S.W.3d 101 (Tex. Crim. App. 2006)......................................................5

*O'Hara v. State*,
  27 S.W.3d 548 (Tex. Crim. App. 2000).....................................................7, 8

*St. George v. State*,
  237 S.W.3d 720 (Tex. Crim. App. 2007)......................................................5

*State v. Dobbs*,
  323 S.W.3d 184 (Tex. Crim. App. 2010)....................................................11

*State v. Ross*,
  32 S.W.3d 853 (Tex. Crim. App. 2000)........................................................5

*State v. Williams*,
  312 S.W.3d 276 (Tex. App.--Houston [14th Dist.] 2010, no pet.) ............11

*Stoker v. State*,
  170 S.W.3d 807 (Tex. App.--Tyler 2005, no pet.)....................................10

*Swain v. State*,
181 S.W.3d 359 (Tex. Crim. App. 2005)....................................................................5

*Terry v. Ohio*,
392 U.S. 1 (1968) .....................................................................................................6

*Villarreal v. State*,
935 S.W.2d 134 (Tex. Crim. App. 1996)....................................................................6

*Walter v. State*,
28 S.W.3d 538 (Tex. Crim. App. 2000)....................................................................11

*Wiede v. State*,
214 S.W.3d 17 (Tex. Crim. App. 2007).....................................................................12

*Williams v. State*,
No. 14-13-00527-CR, 2014 WL 7372804 (Tex. App.--Houston [14th Dist.] Dec. 23, 2014, no pet.) (to be published) ....................................................7

*Wilson v. State*,
132 S.W.3d 695 (Tex. App.--Amarillo 2004, pet. ref'd).................................8, 10

*Worthey v. State*,
805 S.W.2d 435 (Tex. Crim. App. 1991).............................................................7, 10

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

On October 2, 2009, appellant was charged by indictment in cause number 1233998 with aggravated assault of a family member. (1 C.R. 13).[1] On April 5, 2010, appellant stipulated his guilt, and the trial court entered an order placing appellant on deferred adjudication community supervision for a period of 6 years. (1 C.R. 403, 420-21). On September 20, 2013, the State filed a motion to adjudicate guilt. (1 C.R. 438-39). On November 21, 2013, the State filed an amended motion to adjudicate guilt, alleging that appellant violated various conditions of his community supervision and committed the new offense of possession of a controlled substance. (1 C.R. 442-43).

On October 18, 2013, appellant was charged by indictment in cause number 1401120 with the new offense of possession of a controlled substance with intent to deliver. (2 C.R. 10). On December 6, 2013, appellant filed a motion to suppress the evidence in both cause numbers. (1 C.R. 444-45; 2 C.R. 12-13). The trial court conducted combined hearings on the State's motion to adjudicate guilt and appellant's motion to suppress evidence. On December 12, 2013, the trial court

---

[1] The notation "1 C.R." refers to the clerk's record in cause number 1233998 and the notation "2 C.R." refers to the clerk's record in cause number 1401120. The notations "1 S.C.R." and "2 S.C.R." refer to the supplemental clerk's records in each of the respective cause numbers.

denied the motion to suppress and found the allegations in the motion to adjudicate guilt to be true. (4 R.R. 41-42). The trial court adjudicated appellant's guilt and sentenced him to 7 years' confinement in the Institutional Division of the Texas Department of Criminal Justice for aggravated assault. (1 C.R. 455-56).

Appellant pled guilty to the charge of possession of a controlled substance with intent to deliver and was sentenced to a concurrent term of 7 years confinement pursuant to a plea-bargain agreement. (2 C.R. 23-24, 32, 33-34). On December 13, 2013, appellant filed timely written notices of appeal in both cause numbers. (1 C.R. 458; 2 C.R. 36).

## STATEMENT OF FACTS

On September 12, 2013, Officer Timothy Sandoval of the Jacinto City Police Department was performing stationary radar when he observed a brown Buick traveling at 50 miles per hour in a 35 mile-per-hour zone. (3 R.R. 14-15). Sandoval initiated a traffic stop. (3 R.R. 15). The Buick, driven by appellant, entered an apartment complex and pulled over in the parking lot. (3 R.R. 15-16). As Sandoval approached the vehicle, he noticed appellant making furtive movements towards his leg area. (3 R.R. 16). Sandoval asked appellant and the other two occupants to exit the vehicle for officer safety. (3 R.R. 16). Sandoval conducted a general pat-down all three individuals, but did not find any weapons. (3 R.R. 16-17, 27, 31-33).

2

Sandoval proceeded to search the vehicle after a back-up officer arrived. (3 R.R. 25-26, 33; SX 1). Sandoval then stood behind appellant and used his foot to spread appellant's legs apart. (3 R.R. 34; SX 1). At that point, Sandoval observed a plastic bag hanging out of appellant's shoe. (3 R.R. 16-17, 34). Suspecting that the bag contained narcotics, Sandoval asked appellant to remove his shoe. (3 R.R. 17). According to Sandoval, appellant "kind of moved back," and Sandoval restrained him to avoid an altercation. (3 R.R. 18). Inside appellant's shoe was a clear plastic bag containing a white powdery substance. (3 R.R. 17, 34-35). The substance tested positive for methamphetamine. (3 R.R. 19-20). Appellant was placed in custody and the substance was sent to the medical examiner's office for further analysis. (3 R.R. 20).

Richele Theodore, a forensic chemist at the Harris County Institute of Forensic Sciences, testified that the substance was determined to be 11.947 grams of methylone. (3 R.R. 11). Methylone is commonly known as a bath salt compound. (3 R.R. 12).

Javier Fuentes, a community supervision officer for Harris County, testified that appellant had violated the conditions of probation by possessing a controlled substance, failing to submit to random drug/alcohol analysis, and failing to pay the supervision fee, the laboratory processing fee, and attorney fees. (3 R.R. 38-40).

The trial court denied appellant's motion to suppress evidence and entered findings of fact and conclusions of law. (1 S.C.R. 3-4; 2 S.C.R. 3-4). The trial court determined that Officer Sandoval was justified frisking appellant for weapons. The trial court also concluded that Officer Sandoval observed the plastic baggie in plain view. *See id*.

## SUMMARY OF THE ARGUMENT

The trial court did not err in denying appellant's motion to suppress. Officer Sandoval had reasonable suspicion to conduct a limited protective search for weapons based on appellant's furtive movements as he approached appellant's vehicle. In addition, Officer Sandoval lawfully seized a plastic baggie hanging out of appellant's shoe under the plain view doctrine. Officer Sandoval was properly in the position from which he viewed the plastic baggie because he was conducting a legitimate protective search. Moreover, Officer Sandoval had probable cause to believe that the plastic baggie partially concealed in appellant's shoe was associated with criminal activity.

4

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

In a single point of error, appellant contends that the trial court erred in denying the motion to suppress. First, appellant argues that Officer Sandoval did not have reasonable suspicion to conduct a protective frisk. Appellant further asserts that Officer Sandoval was not justified in seizing the controlled substance under the plain view doctrine.

### I. *Standard of review.*

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). The reviewing court affords almost complete deference to the trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Masterson v. State*, 155 S.W.3d 167, 170 (Tex. Crim. App. 2005); *Montanez v. State*, 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). The trial court's rulings on mixed questions of law and fact are reviewed de novo. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). The trial court's ruling must be upheld if it is reasonably supported by the record and is correct on

any theory of law applicable to the case. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

## II. *Officer Sandoval had reasonable suspicion to conduct a limited protective search.*

Appellant does not dispute that Officer Sandoval was justified in conducting a traffic stop, but argues that Sandoval exceeded the scope of his authority by performing a *Terry* search of the vehicle and its occupants. *See* (Appellant's Brief pp. 7-9).

In the instant case, Officer Sandoval testified that he pulled appellant over for speeding. (3 R.R. 14-15) As he approached appellant's vehicle, he noticed appellant making "a lot" of furtive movements towards his leg area and the floor of the vehicle. (3 R.R. 16, 26). Sandoval also testified that drug trafficking takes place at the apartment complex where the stop occurred. (3 R.R. 29). Sandoval asked appellant to exit the vehicle and proceeded to conduct a general pat-down of appellant for weapons. (3 R.R. 16-17, 32).

During the course of a lawful detention, an officer may conduct a limited search of a suspect's outer clothing for weapons if "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry v. Ohio*, 392 U.S. 1, 7 (1968). The officer must be able to cite "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id*. at 21. A protective frisk is

6

"substantially less intrusive than a standard search requiring probable cause." *O'Hara v. State*, 27 S.W.3d 548, 550 (Tex. Crim. App. 2000).

An officer can conduct a protective search without being absolutely certain that the individual is armed. *Id*. at 551. Furtive gestures or sudden movements towards a place where a weapon might be concealed can support a determination that reasonable suspicion exists to conduct a protective frisk. *See Manry v. State*, 621 S.W.2d 619, 623 (Tex. Crim. App. 1981) (police were justified in conducting protective frisk of the defendant when he made furtive movements after having been ordered to "freeze"); *Worthey v. State*, 805 S.W.2d 435, 437-39 (Tex. Crim. App. 1991) (holding that officer had reasonable suspicion to search defendant's purse based on defendant's sudden movement obstructing the purse from the officer's view after she had been ordered not to move her hands); *Williams v. State*, No. 14-13-00527-CR, 2014 WL 7372804, *2 (Tex. App.--Houston [14th Dist.] Dec. 23, 2014, no pet.) (to be published) (police had reasonable suspicion to believe the defendant was concealing a weapon in the center console of his vehicle when he reached towards the console during the police pursuit and made furtive gestures after parking his vehicle); *cf. Lippert v. State*, 664 S.W.2d 712, 721 (Tex. Crim. App. 1984) (police were not justified in conducting a protective search when defendant made no furtive gestures or sudden movements).

Considering that Sandoval observed appellant making multiple furtive movements as he approached the vehicle, it was not unreasonable to conduct a protective frisk for officer safety. Moreover, the fact that the stop occurred in an area known for drug-trafficking contributed to Sandoval's suspicion that appellant might be armed. *See Wilson v. State*, 132 S.W.3d 695, 698 (Tex. App.--Amarillo 2004, pet. ref'd) (a protective frisk is justified if the officer reasonably suspects that an individual is engaged in drug activity because the drug trade is typically associated with weapons and violence).

Appellant suggests that Officer Sandoval lacked reasonable suspicion to conduct a protective frisk because he did not subjectively believe that appellant posed a danger to officer safety. Appellant points out that Sandoval failed to take the precaution of handcuffing appellant, and testified that he was not "that worried" about the suspects. (Appellant's Brief p. 9); (3 R.R. 26-27). However, the validity of a *Terry* search depends upon the objective facts available to the officer; consequently, an officer's subjective lack of fear for his safety is irrelevant. *See O'Hara*, 27 S.W.3d at 551 (holding that officer's testimony that he was not afraid of the defendant was irrelevant to an objective analysis as to whether a reasonably prudent person would believe his safety was in danger).

Appellant further contends that Officer Sandoval did not have reasonable suspicion to conduct a "second search" of appellant's legs and feet after searching

8

the vehicle because Sandoval did not find weapons or drugs during the initial search. *See* (Appellant's Brief pp. 9-10). Appellant also argues that the search was invalid because Sandoval's testimony reflects that he was actually searching for narcotics, rather than weapons. *See id*. pp. 10-11.

First, the record reflects that Officer Sandoval did not exceed the scope of a protective search. Sandoval testified that he restricted his initial search of the suspects to a general pat-down of their waists and pockets, and did not search their legs and feet because "[y]ou never want to search down low when you're by yourself." (3 R.R. 27-28, 32, 35). After a back-up officer arrived, Sandoval proceeded to search appellant's vehicle and then asked one of the other occupants to show his ankles. (3 R.R. 33). The video of the search shows that Sandoval frisked the ankles of one of the other occupants, but did not actually pat down appellant's legs or feet. (State's exhibit 1). Sandoval testified that he used his foot to spread appellant's legs apart. (3 R.R. 34). At that point he noticed a plastic bag hanging out of appellant's shoe. (3 R.R. 34).

In light of appellant's furtive movements, Sandoval was justified in conducting a closer inspection of appellant's ankles. Sandoval was not required to terminate the protective search simply because he did not find a weapon during his preliminary pat-down of appellant's waist area. "Once an officer conducting a pat-down search satisfies himself that a suspect has no weapons, and the officer has no

9

valid reason to further invade the suspect's personal security, then the corollary must be true also that until the officer is satisfied the suspect has no weapons, he may continue the search." *Stoker v. State*, 170 S.W.3d 807, 813 (Tex. App.--Tyler 2005, no pet.) (citing *Worthey*, 805 S.W.2d at 438-39).

Secondly, although Sandoval testified that he was looking for drugs (3 R.R. 28), he indicated that his primary concern in patting down appellant was to find weapons (3. R.R. 31-32). Sandoval also testified that appellant could have concealed a pocketknife near his ankles. (3 R.R. 29). Under these circumstances, a reasonably objective officer could have logically inferred that appellant was making furtive movements towards his legs in an attempt to conceal a weapon. It is irrelevant that Sandoval may have subjectively intended to search for narcotics in addition to searching for weapons because there was a legitimate basis for the protective frisk. *See Davis v. State*, 829 S.W.2d 218, 221 n.5 (Tex. Crim. App. 1992) (holding that an officer's subjective intent or motive to search is irrelevant if there is a lawful reason to search); *Wilson*, 132 S.W.3d at 698 (same).

III. *Officer Sandoval was permitted to seize evidence in plain view.*

In addition, appellant argues that Officer Sandoval was not authorized to seize the controlled substance under the plain view doctrine.

Under certain circumstances, evidence in plain view may be seized without a warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971). Under the plain

view doctrine, two requirements must be satisfied: (1) the officer must have a prior justification or otherwise properly be in a position from which he can view the evidence; and (2) it must be immediately apparent to the officer that the item constitutes evidence. *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). A police officer in a public place is permitted to seize evidence if he has probable cause to believe that it constitutes contraband. *State v. Dobbs*, 323 S.W.3d 184, 187 (Tex. Crim. App. 2010).

### i. *Officer Sandoval viewed the narcotics from a lawful vantage point.*

Appellant argues that Officer Sandoval viewed the seized item from an unlawful vantage point because the initial pat-down was not supported by reasonable suspicion. Appellant further asserts that Sandoval exceeded the scope of a *Terry* search when Sandoval stood behind appellant, making him spread his legs and remove his shoes. *See* (Appellant's Brief p. 14).

As discussed *supra*, Sandoval had reasonable suspicion to believe that appellant might have concealed a weapon near his feet. Thus, Sandoval was legitimately in a position to view contraband during the course of the protective search. Sandoval did not exceed the scope of the search by using his foot to part the defendant's legs in order to gain a better view of his ankles. *See State v. Williams*, 312 S.W.3d 276, 287 (Tex. App.--Houston [14th Dist.] 2010, no pet.) (Yates, J., concurring) (if an officer has specific information about the location of a

11

possible weapon, he can take more intrusive actions, such as requesting a suspect to lift his shirt or open his mouth). Here, Sandoval had observed appellant making furtive gestures towards his legs and feet; therefore, a closer inspection of appellant's feet was warranted. Moreover, the record reflects that Sandoval did not ask appellant to remove his shoes until *after* he had observed a plastic baggie hanging out of his shoe. (3 R.R. 16-17). Thus, Sandoval was lawfully in position to view the evidence.

> ii. *Officer Sandoval had probable cause to believe that the plastic baggie partially concealed in appellant's shoe was associated with criminal activity.*

In addition, Officer Sandoval had probable cause to believe that the plastic bag contained contraband. A plastic baggie, under suspicious circumstances, can provide probable cause to invoke the plain view doctrine. *See Wiede v. State*, 214 S.W.3d 17, 27-28 (Tex. Crim. App. 2007) (officer had probable cause to seize a plastic bag the defendant removed from his pocket and attempted to hide between the driver's seat and console); *Lopez v. State*, 223 S.W.3d 408, 417 (Tex. App.-- Amarillo 2006, no pet.) (officer had probable cause to seize plastic baggie protruding from gas cap compartment of defendant's vehicle).

Appellant contends there were no suspicious circumstances which would lead Sandoval to believe that the plastic bag contained evidence. (Appellant's Brief p. 15). Contrary to this assertion, the location of the plastic baggie

conspicuously hanging from appellant's shoe is suspicious. Moreover, Sandoval could have reasonably inferred that appellant made furtive movements towards his feet in an attempt to conceal the plastic baggie in his shoe. Sandoval testified from his experience that drugs are typically contained within clear plastic bags. (3 R.R. 18). Sandoval also testified that suspects frequently hide narcotics inside their shoes or socks. (3 R.R. 23). The area was also known for drug-trafficking. Accordingly, Sandoval had probable cause to believe the plastic baggie was associated with criminal activity.

As such, the trial court's ruling on the motion to suppress is supported by the record, and appellant's sole point of error should be overruled.

## CONCLUSION AND PRAYER

It is respectfully submitted that all things are regular and both convictions should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
State Bar No. 24058991

13

hudson_heather@dao.hctx.net
curry_alan@dao.hctx.net

## **CERTIFICATE OF COMPLIANCE**

The undersigned attorney certifies that this computer-generated document has a word count of 2,893 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24058991

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing instrument has been submitted for service by e-filing to the following address:

Deborah Summers
11210 Steeplecrest, Suite 120
Houston, Texas 77065
Tel: (281) 897-9600
summerspc@sbcglobal.net

/s/ Heather A. Hudson
**HEATHER A. HUDSON**
Assistant District Attorney

14

Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
State Bar No. 24058991

Date: 2/9/2015